LEON HASCHKE ET AL., APPELLEES, V. SCHOOL DISTRICT OF HUMPHREY IN THE COUNTY OF PLATTE IN THE STATE OF NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

167 N. W. 2d 79

Filed April 11, 1969. No. 37081.

Walker, Luckey & Whitehead and Brogan & Monen, for appellants.

Moyer & Moyer, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

SMITH, J.

The Humphrey school district and Pebco, Inc., agreed on construction of a school building by Pebco for lease to Humphrey. The district court on petition of resident taxpayers found that the agreement was void, enjoining performance. Contentions of defendants on appeal are that plaintiffs had an adequate remedy at law and that the agreement was valid.

Humphrey, a nonaccredited member of Class III, had been maintaining inadequate school facilities. Assessed valuation of taxable property in the district December 1, 1967, totaled $5,484,437. The Pebco agreement, dated March 19, 1968, stipulated minimum rentals based on construction costs of $250,000. Rentals were $20,000 in advance and $1,922 a month during a lease term of 20 years from September 1, 1968. Humphrey also agreed to obligate itself for taxes, losses, and insurance.

Humphrey under the agreement had an option exercisable during the lease term after September 1, 1973, to purchase the building. The price was fixed at "a sum equal to the difference between the total consideration for this lease of $250,000.00, plus any amounts due to change orders * * *, and the actual rental payments made, being the amounts of the monthly payments in-

clusive of interest on the amortized basis, * * *." Otherwise the building was to remain personal property situated within the district.

From an approximate balance of $17,500 in Humphrey's sinking fund, $15,000 was paid in March 1968, to Pebco on account of advance rental. The Humphrey board made the agreement and part payment without approval of the electorate.

Statutory sections governing school districts of Class III are as follows. The district reports its budget to the county board which levies on taxable property to provide the revenue. § 79-810, R. R. S. 1943. The budget may include an item for erection of school buildings, and the section fixes no ceiling on indebtedness. On the other hand, purchase of land for educational facilities outside the district for more than $5,000 requires voter approval. § 79-4,153, R. R. S. 1943. The board may annually levy a maximum of 4 mills to fund construction of school buildings. § 79-811, R. R. S. 1943. It may within limits incur short-term indebtedness. § 79-520, R. S. Supp., 1967. Issuance of bonds for erection of a school building must receive voter approval. § 10-701, R. R. S. 1943; § 10-702, R. S. Supp., 1967.

Another section, 79-422, R. R. S. 1943, reads: "Whenever it shall be deemed necessary (1) to erect a * * * school building * * *, the * * * board * * * may, and upon petition of not less than one-fourth of the legal voters * * * shall, submit to the people * * * a proposition to vote a special annual tax for that purpose of not to exceed five mills * * * for a term of not to exceed 10 years."

A resident taxpayer without proof of an interest peculiar to himself may enjoin illegal expenditure of money by a public board. Niklaus v. Miller, 159 Neb. 301, 66 N. W. 2d 824; see Farrell v. School Dist. No. 54, 164 Neb. 853, 84 N. W. 2d 126. Plaintiffs here had no adequate remedy at law.

A school district in this state possesses no powers

other than those granted by the Legislature. The Pebco agreement was beyond the authority of the Humphrey officers and board, and the judgment was correct. Cf. State ex rel. School Dist. v. Board of Equalization, 166 Neb. 785, 90 N. W. 2d 421.

AFFIRMED.